# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

YVONNE ORNELAS,

       Petitioner,

    v.

HUDNALL,

       Respondent.

Case No. 1:17-cv-01033- EPG-HC

ORDER

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein she challenges her 2013 convictions in the Kern County Superior Court.

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner in state custody who is proceeding with a petition for writ of habeas corpus to exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy,

1

455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that she raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Here, it appears that other than the insufficiency of the evidence claim regarding driving under the influence, Petitioner has not presented her claims to any state court. (ECF No. 1 at 3, 5).[1] Petitioner explains that she failed to exhaust due to ineffective assistance of counsel. However, ineffective assistance of counsel does not fall within the exceptions to AEDPA's exhaustion requirement. 28 U.S.C. § 2254(b)(1)(B)(i)–(ii) (Habeas petitioner may be excused from exhausting a claim where (1) "there is an absence of available State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant.").

The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if she can do so. See Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").[2] A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[3]

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] The Court notes that if Petitioner chooses to withdraw her unexhausted claims, she may not be able to raise them later in federal court. See Burton v. Stewart, 549 U.S. 147, 154 (2007) (rejecting supposition that petitioner with unexhausted claims "who elects to proceed to adjudication of his exhausted claims may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition").

[3] The Court notes that AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

Accordingly, IT IS HEREBY ORDERED that within **THIRTY (30) days** from the date of service of this order, Petitioner shall either:

1. Show cause why the petition should not be dismissed for failure to exhaust state court remedies;

2. Notify the Court that she chooses to withdraw the unexhausted claims and to go forward only with the exhausted insufficiency of the evidence claim regarding driving under the influence, subject to any successive petition issues; or

3. Voluntarily withdraw the entire petition without prejudice to refiling her petition when she has exhausted state court remedies, subject to any statute of limitations issues.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **August 14, 2017**            /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE