# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE ORNELAS,<br><br>    Petitioner,<br><br>v.<br><br>HUDNALL,<br><br>    Respondent. | Case No. 1:17-cv-01033-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR STAY AND TO DISMISS UNEXHAUSTED CLAIMS<br><br>(ECF No. 6) |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition contains one exhausted and several unexhausted claims, and Petitioner has moved for a stay while she returns to state court to exhaust the claims that were not raised on direct appeal. As Petitioner has failed to establish good cause for her failure to exhaust certain claims, the undersigned recommends denial of the petition as to the unexhausted claims and also recommends that Petitioner be allowed to delete the unexhausted claims in the petition and proceed with the sole exhausted claim.

## I.

## BACKGROUND

    On May 23, 2017, Petitioner filed the instant federal habeas petition challenging her 2013 convictions in the Kern County Superior Court in the United States District Court for the Northern District of California. (ECF No. 1). Subsequently, the petition was transferred to the Eastern District. (ECF Nos. 8, 13).

    On August 14, 2017, this Court ordered Petitioner to either: show cause why the mixed petition should not be dismissed for failure to exhaust state court remedies; withdraw the unexhausted claims and proceed with the exhausted claim; or voluntarily withdraw the entire

petition without prejudice to refiling after exhausting state court remedies. (ECF No. 16). To date, Petitioner has not filed a response, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that she raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Here, it appears that other than the sufficiency of the evidence claim regarding driving under the influence, Petitioner has not presented her claims to any state court. (ECF No. 1 at 3, 5).[1] Petitioner explains that she failed to exhaust because counsel did not raise the claims that she requested. (ECF No. 1 at 5–6). Additionally, Petitioner moves for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), based on the discovery of new evidence that the arresting officer falsified a police report. (ECF No. 6).

Under Rhines v. Weber, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. The Ninth Circuit has recognized that there is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). However, the Ninth Circuit stated that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id. at 982. In Blake, the Ninth Circuit held that ineffective assistance of postconviction counsel can constitute good cause for a Rhines stay. Id. at 983. The petitioner satisfied this standard where he asserted ineffective assistance of counsel, "supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence of Blake's abusive upbringing and compromised mental condition." Id.

In support of the motion for stay, Petitioner alleges a recent discovery of new evidence that the arresting officer falsified a police report. (ECF No. 6 at 2). However, Petitioner does not provide a copy of the newly discovered evidence or describe what the newly discovered evidence is. Petitioner also does not provide any details as to when this discovery was made or explain the significance of this new evidence with respect to her unexhausted claims.

Additionally, Petitioner contends that "counsel did not raise the issues I requested," noting that "appellate counsel has the duty to raise all viable issues before this court and did not." (ECF No. 1 at 5–6). To the extent Petitioner argues that ineffective assistance of appellate counsel constitutes good cause for failure to exhaust, Petitioner has not developed an ineffective assistance of counsel argument. See Jones v. Barnes, 463 US. 745, 754 (1983) (holding that appellate counsel does not have a constitutional obligation to raise every nonfrivolous issue on appeal). Petitioner also fails to support this bald assertion with "evidence to justify [her] failure to exhaust." Blake, 745 F.3d at 982. For example, Petitioner fails to provide documentation that she discussed the unexhausted claims with appellate counsel and was disregarded. See Nogueda v. California, No. 2:14-cv-1045-GGH, 2014 WL 5473548, at *2 (E.D. Cal. Oct. 23, 2014) ("[P]etitioner has failed to support the request to stay . . . as required in Blake (i.e., there is no documentation—as opposed to oral assertions—showing he discussed these claims with trial

3

and/or appellate counsel and was ignored)."). Accordingly, the Court finds that Petitioner has failed to demonstrate good cause for her failure to exhaust under Rhines.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 6) be DENIED; and
2. Petitioner be allowed to delete the unexhausted claims in the petition and proceed with the sole exhausted claim (sufficiency of the evidence claim regarding driving under the influence). See Rhines, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 20, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE