# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE ORNELAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ADOLFO GONZALES,[1]<br><br>　　　　Respondent. | Case No. 1:17-cv-01033-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION |

Petitioner Yvonne Ornelas is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner asserts there was insufficient evidence to support her conviction for driving under the influence. For the reasons discussed herein, the undersigned recommends denial of the petition for writ of habeas corpus.

## I.

## BACKGROUND

On October 16, 2013, Petitioner was convicted by a jury in the Kern County Superior Court of transportation of heroin, possession of heroin for sale, driving under the influence, use of a controlled substance, and possession of controlled substance paraphernalia. (1 CT[2] 263–68). Petitioner was sentenced to an aggregate imprisonment term of eight years. (2 CT 304). On December 1, 2015, the California Court of Appeal, Fifth Appellate District affirmed the

---

[1] Petitioner is currently on probation in San Diego County, and Aldofo Gonzales is the Chief Probation Officer of the San Diego County Probation Department. (ECF No. 1 at 1, 2 n.1). Accordingly, Aldofo Gonzales is substituted as Respondent in this matter. See <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996).
[2] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent on February 27, 2018. (ECF No. 29).

1

judgment. People v. Ornelas, No. F068444, 2015 WL 7737554, at *3 (Cal. Ct. App. Dec. 1, 2015). The California Supreme Court summarily denied the petition for review on February 17, 2016. (LDs[3] 5, 6).

On May 23, 2017, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On August 3, 2017, the case was transferred to this Court. (ECF Nos. 8, 13). On November 28, 2017, the Court denied Petitioner's motion to stay and allowed Petitioner to proceed with the exhausted sufficiency of the evidence claim regarding driving under the influence. (ECF No. 23). Respondent has filed an answer to the petition. (ECF No. 28).

## II.

## STATEMENT OF FACTS[4]

> On March 2, 2012, at 7:58 p.m., California Highway Patrol Officer Matthew Iturriria received a call regarding a vehicle blocking a roadway. When Iturriria arrived at the scene, he observed a white Buick stopped in the road, and defendant asleep behind the wheel. The vehicle was not running. Iturriria approached the car, woke up defendant, and noticed she was lethargic, slurring her words, and demonstrating unsteady coordination.
>
> Upon questioning by Iturriria, defendant stated she had been driving home from the store when her car died approximately four houses from her residence. When asked about drug use, defendant admitted she had taken four Xanax tablets an hour earlier. Iturriria then administered a field sobriety test, which defendant failed. Based on the circumstances, defendant's statements, and Iturriria's observation of signs of injection, Iturriria placed defendant under arrest for driving under the influence. A search incident to that arrest yielded a syringe and 2.94 grams of heroin, an amount Iturriria testified was indicative of possession for purposes of sale rather than personal use.
>
> Following defendant's arrest, she again admitted to taking four Xanax tablets, and stated she may have used heroin, but could not remember. Defendant continued to demonstrate signs of impairment, failed a field sobriety test, and tested positive for benzodiazepine and opiates—results consistent with the use of Xanax and heroin. Defendant was subsequently charged, tried, and convicted of transporting heroin, possessing heroin for sale, driving under the influence, using a controlled substance, and possessing drug paraphernalia. This appeal followed.

Ornelas, 2015 WL 7737554, at *1.

---

[3] "LD" refers to the documents lodged by Respondent on February 27, 2018. (ECF No. 29).
[4] The Court relies on the California Court of Appeal's December 1, 2015 opinion for this summary of the facts of the crime. See Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

2

# III.

# STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that she suffered violations of her rights as guaranteed by the United States Constitution. The challenged convictions arise out of the Kern County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Williams, 529 U.S. at 413. Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, "AEDPA's highly deferential standards" apply. Ayala, 135 S. Ct. at 2198. However, if the state court did not reach the merits of the claim, the claim is reviewed *de novo*. Cone v. Bell, 556 U.S. 449, 472 (2009).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. In addition, the Supreme Court

decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA and the Court must defer to the state court's decision. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008) (alterations in original) (quoting Wright v. Van Patten, 552 U.S. 120, 125, 123 (2008)).

If the Court determines there is clearly established Federal law governing the issue, the Court then must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court decision involves "an unreasonable application of[] clearly established Federal law" if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. That is, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

If the Court determines that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," and the error is not structural, habeas relief is nonetheless unavailable unless it is established that the error "had substantial and injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation mark omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

AEDPA requires considerable deference to the state courts. The Court looks to the last reasoned state court decision as the basis for the state court judgment. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v. Williams, 568 U.S. 289, 297 n.1 (2013); Ylst v.

Nunnemaker, 501 U.S. 797, 806 (1991). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). The federal court must review the state court record and "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

## IV.

## REVIEW OF CLAIM

In her sole exhausted claim for relief, Petitioner asserts that there was insufficient evidence to sustain her conviction for driving under the influence. (ECF No. 1 at 7). Respondent argues that the state court's rejection of this claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent. (ECF No. 28 at 6). This claim was raised on direct appeal in the California Court of Appeal, Fifth Appellate District, which denied the claim in a reasoned decision. The claim also was raised in the petition for review, which the California Supreme Court summarily denied. As federal courts review the last reasoned state court opinion, the Court will "look through" the summary denial and examine the decision of the California Court of Appeal. See Brumfield, 135 S. Ct. at 2276; Ylst, 501 U.S. at 806.

In denying Petitioner's sufficiency of the evidence claim, the California Court of Appeal stated:

> Defendant argues there was insufficient evidence to support her conviction for driving under the influence. Specifically, defendant contends there was no

evidence showing her driving was actually impaired by her controlled substance use. We disagree.

When addressing a challenge to the sufficiency of the evidence, we view the record in the light most favorable to the conviction and presume the existence of every fact in support of the conviction that the trier of fact could reasonably infer from the evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396.). "Reversal is not warranted unless it appears ' "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." [Citation.]' [Citation.]" (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1457.)

At the time of defendant's conviction, Vehicle Code section 23152, subdivision (a), prohibited any person under the influence of any alcoholic beverage or drug to drive a vehicle.[5] For purposes of that section, the term "drug" refers to any substance, other than alcohol, "which could so affect the nervous system, brain, or muscles of a person as to impair, to an appreciable degree, his ability to drive a vehicle in the manner that an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would drive a similar vehicle under like conditions." (Veh.Code, § 312.)

Here, defendant was found asleep inside her vehicle, which was stopped in the middle of the road just four houses down from her residence. Defendant was visibly altered by her use of Xanax and heroin, tested positive for those drugs, and failed field sobriety tests. Nevertheless, defendant contends no rational trier of fact could find her guilty of driving under the influence, as no evidence was presented to show that defendant's driving was actually impaired prior to police finding her unconscious in her vehicle.

In support of this argument, defendant relies heavily upon *People v. Torres* (2009) 173 Cal.App.4th 977 (*Torres*). In *Torres*, the defendant was pulled over for failing to stop before the limit line at an intersection. (*Id.* at p. 979.) Police observed signs of drug use, and the defendant later tested positive for methamphetamine. (*Id.* at p. 980.) Though a jury later convicted defendant of driving under the influence, the Court of Appeal, Fourth District, Division One, reversed the conviction, finding no evidence the defendant's driving had been impaired by his methamphetamine use. (*Id.* at pp. 983–984) Specifically, the court noted that the officers who stopped the defendant did not observe him driving erratically, and no field sobriety tests were conducted to determine if the defendant was suffering from symptoms that would impair his driving. (*Id.* at p. 983.)

The instant case, however, is readily distinguishable from *Torres*. Unlike the defendant in *Torres*, defendant was given—and failed—field sobriety tests. Further, the very circumstances surrounding the police involvement in the two cases could hardly be less similar. In *Torres*, the defendant was pulled over for failing to stop at a limit line, an infraction the officers in that case conceded was neither unusual nor indicative of impaired driving. (*Torres, supra,* 173 Cal.App.4th at p. 983.) In the case at bar, however, defendant was discovered passed out inside her vehicle, which was stopped in the middle of the street. While the circumstances in *Torres* do not lead to an immediate assumption of impaired driving, the same cannot be said for the circumstances in this case.

---

[5] Effective January 1, 2014, driving under the influence of a drug became prohibited by Vehicle Code Section 23152, subdivision (e).

6

Indeed, the circumstances of defendant's discovery by police gave the jury ample reason to doubt defendant's suggestion that she was not impaired while she was operating her vehicle, but became impaired after she ceased driving. Unimpaired drivers rarely find themselves passed out behind the wheel of a vehicle that is stopped in the middle of the road. In that sense, the instant case is analogous to *People v. Wilson* (1985) 176 Cal.App.3d Supp. 1 (*Wilson*). There, police found the defendant asleep behind the wheel of his car, which was parked along the side of the highway with its rear portion jutting into traffic. (*Id.* at p. Supp. 3.) The defendant displayed signs of intoxication and failed a field sobriety test, but argued he had been sober while operating the vehicle and only become intoxicated after his car overheated. (*Id.* at pp. Supp. 3–5.)

In rejecting his arguments, the superior court appellate department stated the following:

> "[W]e also conclude that there is substantial evidence from which the jury here could have inferred that: (1) It was defendant who drove the vehicle on the public highway to where it was stopped; and (2) defendant was intoxicated at the time.
>
> "Although the vehicle was in the 'park' gear with 'the brakes ... on,' the vehicle was stopped partly on the shoulder of the 60 Freeway at an angle with its left rear portion partially intruding into the No. 3 lane. Clearly, this was not a normal parking place or position for a vehicle to be stopped. Moreover, the vehicle did not simply materialize at that location. Obviously, someone drove it there.
>
> "That someone was defendant, according to the jury. Defendant was the sole occupant of the vehicle. He was found seated in the driver's seat. At no time did he claim that anyone else had driven the vehicle to that location, and the vehicle belonged to defendant.
>
> "There is abundant evidence in the record that defendant had been drinking prior to his stopping the vehicle on the shoulder of the freeway. Also, his disorientation and poor performance of the field sobriety tests constitute ample evidence from which the jury could infer that his driving ability was impaired." (*Wilson, supra,* 176 Cal.App.3d at pp. Supp. 7–8.)

Here, as in *Wilson,* defendant was under the influence, in the driver's seat, and the sole occupant of a vehicle stopped in an abnormal fashion. Defendant also admitted to using controlled substances, and tested positive for those substances after failing a field sobriety test. Given this evidence, the jury could reasonably conclude defendant's driving ability was appreciably impaired by her controlled substance use at the time she was driving her vehicle. We therefore reject her challenge to the sufficiency of the evidence, and affirm the judgment.

Ornelas, 2015 WL 7737554, at *1–3 (footnote in original).

The Supreme Court has held that when reviewing a sufficiency of the evidence claim, a court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements

7

of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). A reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326. State law provides "for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." Coleman v. Johnson, 566 U.S. 650, 655 (2012) (quoting Jackson, 443 U.S. at 319).

Jackson "makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 556 U.S. 1, 2 (2011). Moreover, when AEDPA applies, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Id.

Viewing the record in the light most favorable to the prosecution, a rational trier of fact could have found true beyond a reasonable doubt that Petitioner's driving ability was appreciably impaired by her controlled substance use at the time Petitioner was driving her vehicle, prior to the officer finding her asleep therein. The evidence introduced at trial established that Petitioner admitted to having taken four Xanax tablets approximately one hour before the initial contact with Officer Iturriria and stated that she may have used heroin. She failed a field sobriety test and tested positive for benzodiazepine and opiates, which is consistent with the use of Xanax and heroin. Petitioner was in the driver's seat and the sole occupant of a vehicle that was stopped in the middle of the road, merely four houses away from Petitioner's residence, which is not a normal place for a vehicle to be stopped. Moreover, even if the jury believed what Petitioner told Officer Iturriria—that her vehicle had broken down approximately four houses from her residence—the jury could infer that Petitioner's driving ability was appreciably impaired by her controlled substance use at the time Petitioner was driving her vehicle by the fact that Petitioner

1 subsequently stayed in the vehicle, which was stopped in the middle of the road, and fell asleep
2 rather than attempt to obtain assistance for her vehicle or walk four houses down to her
3 residence.

"'After AEDPA, we apply the standards of Jackson with an additional layer of deference' to state court findings." Ngo v. Giurbino, 651 F.3d 1112, 1115 (9th Cir. 2011) (alteration omitted) (quoting Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005)). Under this doubly deferential standard of review, the state court's denial of Petitioner's sufficiency of evidence claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on her sufficiency of the evidence claim, and it should be denied.

**V.**

**RECOMMENDATION AND ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Further, the Clerk of Court is DIRECTED to amend the caption in this matter to reflect the name of Adolfo Gonzalez as Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v.

Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 30, 2018**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE